# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

## No. 201600401

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## CESIMARIE F. WEE
Hospital Corpsman First Class (E-6), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel Paul H. McConnell, USMCR.
Convening Authority: Commander, Navy Recruiting Command, Millington, Tennessee.
Staff Judge Advocate's Recommendation: Lieutenant Commander Neil D'Arco, JAGC, USN.
For Appellant: Lieutenant Commander Ryan C. Mattina, JAGC, USN.
For Appellee: Captain Brian L. Farrell, USMC; Lieutenant James M. Belforti, JAGC, USN.

———————————————

Decided 30 March 2017

———————————————

Before CAMPBELL, RUGH, and GROHARING, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

At an uncontested special court-martial, a military judge convicted the appellant of a willful dereliction of duty specification and an impersonating various commissioned officers specification—violations of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 934 (2012).

The convening authority approved the appellant's adjudged sentence of 30 days' confinement, reduction to pay grade E-3, forfeiture of $600.00 pay per month for 3 months, and a bad-conduct discharge.

We have considered the record of trial, the appellant's sole assignment of error—that her punitive discharge is inappropriately severe—and the government's response. We conclude the findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Arts 59(a) and 66(c), UCMJ.

## I. BACKGROUND

During an active-duty assignment at Navy Recruiting District New York, between July 2013 and December 2014, the appellant recruited applicants for commissioning into the Navy Medical Corps. In the process, she intentionally fabricated and falsified parts of 33 applicant packages by knowingly impersonating six actual Navy doctors: one Captain, two Commanders, and three Lieutenant Commanders. Without knowing or attempting to verify whether any of the 33 applicants had disqualifying medical issues, she inserted fraudulent information into their personal medical histories and medical examination histories—DD Forms 2807-1 and 2808—to ensure their favorable medical screening and selection for commissioning. Her efforts included documenting physical and audiology examinations that never occurred, altering the doctor's comments and recommendations sections of the forms to reflect "no medically disqualifying condition" or "medically qualified for commission,"[1] and falsifying portions of the medical forms to make it appear that further, otherwise requisite, examinations were not actually necessary.

## II. DISCUSSION

We review sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Despite our significant discretion in reviewing the appropriateness and severity of an adjudged sentence, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

---

[1] Prosecution Exhibit 1 at 3.

The appellant repeatedly falsified official documents that are necessary in the important oversight and waiver process for evaluating potentially disqualifying medical conditions of commission applicants. These actions placed the health of 33 applicants and the careers of the impersonated doctors at risk. On these facts, demonstrating an abuse of the trust and authority the appellant possessed as an officer recruiter, we have little trouble concluding that a bad-conduct discharge is a proper component of her sentence. With individualized consideration of the appellant, the nature and seriousness of her offenses, her record of service, and all the matters within the record of trial, we find the adjudged sentence appropriate.

### III. CONCLUSION

The findings and sentence, as approved by the convening authority, are affirmed.

For the Court



R.H. TROIDL
Clerk of Court